IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTHONY ROSHON ROBERTS, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-11-143-M |
| | ) |
| JUSTIN JONES, Director of | ) |
| Oklahoma Dept. of Corrections, | ) |
| in his personal and official capacities, | ) |
| JOSEPH TAYLOR, Warden of Cimarron | ) |
| Correctional Facility, in his personal and | ) |
| official capacities, and KIMBERLY | ) |
| LEATHERWOOD, Mailroom Clerk, | ) |
| in her personal and official capacities, | ) |
| | ) |
| Defendants. | ) |

**Report and Recommendation:**
**Dispositive Motion by Defendants Taylor and Leatherwood**

Invoking 42 U.S.C. § 1983, Mr. Anthony Roberts sues Cimarron Correctional Facility ("CCF") Warden Joseph Taylor and Mailroom Clerk Karen Leatherwood. Second Amended Civil Rights Complaint (Pursuant to 42 U.S.C. § 1983) at p. 1 (Mar. 17, 2011) ("Second Amended Complaint"). According to Mr. Roberts:

- Defendant Taylor imposed a grievance restriction in retaliation for the exercise of constitutional rights,

- placement on grievance restriction was unevenly applied and prevented court access,

- Defendant Leatherwood instigated two disciplinary charges in retaliation for the exercise of constitutional rights, and

- punishment for "disrespect to staff" and "threats to staff" violated the first and fourteenth amendments.

*Id.* at pp. 2-6.

Defendants Taylor and Leatherwood seek summary judgment based in part on nonexhaustion of administrative remedies. Defendants' Motion for Summary Judgment and Brief in Support at pp. 6-14 (Aug. 12, 2011) ("Defendants' Motion for Summary Judgment"). The Court should grant the motion.

## Standard for Summary Judgment

The Court should grant summary judgment when "there is no genuine dispute as to any material fact and [the movants are] entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Parties may establish the existence or nonexistence of a material disputed fact through:

- submission of "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . ., admissions, interrogatory answers, or other materials; or"

- "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."

Fed. R. Civ. P. 56(c)(1)(A)-(B).

When a summary judgment motion is filed, "[t]he court views the record and draws all favorable inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. PepsiCo, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005) (citation omitted).

Application of the summary judgment standard depends on whether the issue involves an element of the Plaintiff's *prima facie* case or an affirmative defense.[1]

In relevant part, Defendants Taylor and Leatherwood seek summary judgment based on nonexhaustion of administrative remedies. *See supra* p. 2. Because this issue involves an affirmative defense,[2] the Defendants bear the burden of proof.[3] As a result, the Defendants must demonstrate the absence of a disputed material fact on the issue of exhaustion. *See Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 1997). If the Defendants satisfy this burden, Mr. Roberts would incur a duty to "demonstrate with specificity the existence of a disputed material fact." *Id.* In the absence of such a showing, the Defendants would be entitled to summary judgment on the affirmative defense. *See id.*

<u>Mr. Roberts' Failure to Properly Exhaust Administrative Remedies</u>

Defendants Taylor and Leatherwood provided undisputed evidence that Mr. Roberts did not properly exhaust administrative remedies.

---

[1]   *See Johnson v. Riddle*, 443 F.3d 723, 725 n.1 (10th Cir. 2006) (discussing the difference in the application of the summary judgment standard for elements of the plaintiff's *prima facie* case and affirmative defenses).

[2]   *See Jones v. Bock*, 549 U.S. 199, 216 (2007) (concluding "that failure to exhaust is an affirmative defense under the [Prison Litigation Reform Act]").

[3]   *See Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007) ("We . . . hold that the burden of proof for the exhaustion of administrative remedies in a suit governed by the [Prison Litigation Reform Act] lies with the defendant.").

I.   The Statutory Exhaustion Requirement

Federal law provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) (2006). This law "requires proper exhaustion" of the prison's administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 92 (2006).

II.  The Administrative Process

To properly exhaust his claims at the administrative level, Mr. Roberts had to follow the "Offender Grievance Process" set forth in Department of Corrections OP-090124. *See* Report of Review of Factual Basis of Claims Asserted in Civil Rights Complaint Pursuant to 42 U.S.C. Section 1983, Exh. 1 (OP-090124 (eff. Sept. 8, 2009)) (June 6, 2011) ("Defendants Taylor and Leatherwood's Special Report").

The first requirement involved an attempt to informally resolve the issue with the relevant staff member. *See id.*, Exh. 1 at p. 7.[4] If that attempt was unsuccessful, Mr. Roberts could file a request to staff. *See id.* If the Plaintiff remained dissatisfied, he had the opportunity to file a grievance. *See id.*, Exh. 1 at p. 8. However, because Mr. Roberts was

---

[4]   Some of the Defendants' exhibits have page numbers, while others do not. For consistency, the undersigned has referenced the Court's "CM/ECF" pagination for all of the Defendants' exhibits.

on grievance restriction,[5] he had to submit a grievance with "a duly verified affidavit," "stating that all contents of the grievance [were] true and correct" and listing "by grievance number, date, description, and disposition at each level . . . all grievances previously submitted . . . within the last 12 months." *Id.*, Exh. 1 at p. 16. If the Plaintiff remained dissatisfied at that level, he could appeal to the administrative review authority. *See id.*, Exh. 1 at pp. 11-12.

III.   The Availability of the Exhaustion Process

The threshold question is whether Mr. Roberts had an available remedy. The Court should answer in the affirmative.

Mr. Roberts must show unavailability,[6] and he arguably defaulted on this burden by failing to respond to the dispositive motion. Because the Plaintiff moved for summary judgment on his own, however, the Court can review his motion to assess his arguments for unavailability of an administrative remedy. In his summary judgment motion, Mr. Roberts alleged that:

- a "'curtain' . . . cover[ing] the cell-door windows" prohibited access to staff members "without fear of punishment for yelling,"

- prison officials could disregard request to staffs,

---

[5]   *See* Second Amended Complaint at p. 2; Defendants' Motion for Summary Judgment at p. 36; Defendants Taylor and Leatherwood's Special Report, Exh. 2 at p. 35.

[6]   The Tenth Circuit Court of Appeals has stated: "Once a defendant proves that a plaintiff failed to exhaust, . . . the onus falls on the plaintiff to show that remedies were unavailable to him as a result of intimidation by prison officials." *Tuckel v. Grover*, 660 F.3d 1249, 1254 (10th Cir. 2011).

- filing of grievances "by a Jailhouse Lawyer" would result in "unanswered and returned grievance[s] . . . and/or the placement of grievance restriction," and

- the administrative review authority lacked authority to return appeals without an answer.

Plaintiff's Motion in Opposition to Defendants' Answer to Plaintiff's Complaint and Brief in Support at pp. 9-12 (June 10, 2011) ("Plaintiff's Motion for Summary Judgment").[7]

When "prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy, they render that remedy 'unavailable' and a court will excuse the prisoner's failure to exhaust." *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010) (citation omitted). However, Mr. Roberts' allegations do not fall in this category.

For example, the administrative review authority enjoys the authority to return an appeal without answering. *See* Defendants Taylor and Leatherwood's Special Report, Exh. 1 at p. 1 (OP-090124 Addendum-01(eff. July 27, 2010)). The Plaintiff's assertion to the contrary is incorrect under the plain language of the policy. *See id.*

The Plaintiff is also mistaken when he suggests that he could avoid the administrative process because of the opportunity for officials to disregard complaints. *See supra* pp. 5-6. Even when relief would be futile, the inmate must follow the administrative process before he can assert a federal claim over prison conditions. *See Booth v. Churner*, 532 U.S. 731,

---

[7]   Mr. Roberts actually filed this document as a reply to the Defendants' answer. At the Plaintiff's request, however, the Court treated the reply as a summary judgment motion. *See* Order at p. 2 (June 16, 2011).

741 n.6 (2001) (stating that futility does not constitute an exception to the exhaustion requirement in 42 U.S.C. § 1997e(a)).

The alleged "curtain" obviously did not prevent Mr. Roberts from pursuing administrative relief, as he had filed at least fifteen grievances at CCF since 2010. *See* Defendants Taylor and Leatherwood's Special Report, Exh. 3 at pp. 2-5. To reach the grievance stage, Mr. Roberts had to attempt informal resolution and file a request to staff. *See supra* pp. 4-5. Thus, for each of the 15+ grievances, the Plaintiff was able to overcome the "curtain." In the absence of further explanation or support, the reference to a "curtain" would not constitute a specific demonstration of a disputed material fact. *See supra* p. 3.

Mr. Roberts' alleged fear of retaliation would not excuse exhaustion. "[W]hen a prison official inhibits an inmate from utilizing an administrative process through threats or intimidation, that process can no longer be said to be 'available.'" *Tuckel v. Grover*, 660 F.3d 1249, 1252-53 (10th Cir. 2011); *see supra* note 6. However, to support such a finding, the inmate must satisfy a two-part test. First, the inmate has to show "that the threat or intimidation [had] actually deter[red] [him] from lodging a grievance or pursuing a particular part of the prison administrative process[.]" *Tuckel v. Grover*, 660 F.3d at 1254. Second, the inmate must demonstrate that "the threat or intimidation would [have] deter[red] a reasonable inmate of ordinary firmness and fortitude from lodging a grievance or pursuing the part of the prison administrative process that the inmate failed to exhaust." *Id.*

According to the Plaintiff, he feared imposition of a grievance restriction. *See supra* pp. 5-6; *see also* Plaintiff's Motion for Summary Judgment at p. 11 (arguing that "in retaliation," officials would either refuse to provide an answer or impose a grievance restriction). However, this fear would not excuse exhaustion for two reasons.

First, Mr. Roberts was already on a grievance restriction. *See* Defendants Taylor and Leatherwood's Special Report at p. 7, Exh. 2 at p. 9. Thus, the alleged threat would not have deterred a reasonable inmate from completing the administrative process.

Second, the Defendants present unrebutted evidence that after placement of a grievance restriction, the Plaintiff filed at least eight more grievances at CCF. *See* Defendants' Motion for Summary Judgment at p. 10; Defendants Taylor and Leatherwood's Special Report, Exh. 4 at pp. 69-76, 81-104. Thus, Mr. Roberts was not actually deterred from filing grievances.

For both reasons, the Court should reject the Plaintiff's attempt to excuse exhaustion based on a fear of retaliation.

IV.   The Evidence Demonstrating Nonexhaustion of Administrative Remedies

Mr. Roberts complained to prison officials about:

- the alleged placement of a grievance restriction in retaliation for the exercise of constitutional rights,[8]

- the alleged denial of court access through a grievance restriction,[9]

---

[8]   *See* Defendants Taylor and Leatherwood's Special Report, Exh. 4 at pp. 71, 75-76.

[9]   *See* Defendants Taylor and Leatherwood's Special Report, Exh. 4 at pp. 76, 87.

8

- Defendant Leatherwood's alleged retaliation through two disciplinary charges,[10] and

- violation of the first and fourteenth amendments through punishment for "disrespecting staff."[11]

For each complaint, the Plaintiff failed to comply with the procedures for an inmate on a grievance restriction. *See* Defendants Taylor and Leatherwood's Special Report, Exh. 4 at pp. 71, 74, 82. Based on the Plaintiff's failure to properly complete the grievance process on any of these claims,[12] the Court should conclude that these claims are unexhausted.[13]

---

[10] *See* Defendants Taylor and Leatherwood's Special Report, Exh. 4 at pp. 84-87.

[11] *See* Defendants Taylor and Leatherwood's Special Report, Exh. 4 at pp. 86-87.

[12] In two disciplinary appeals, Mr. Roberts suggested that the charges had been retaliatory and that sanctions for disrespectful language had violated the first amendment. *See* Defendants Taylor and Leatherwood's Special Report, Exh. 6 at pp. 5, 14, 20. However, the proper avenue for exhaustion of these claims is through the Department of Corrections administrative process detailed above and the Plaintiff's mention of the issues in a misconduct appeal is insufficient. *See Carr v. Brill*, 187 Fed. Appx. 902, 905 (10th Cir. July 10, 2006) (unpublished op.) (holding that assertion of a claim in a misconduct appeal "fails to fulfill the purposes of requiring exhaustion of administrative remedies when the grievance process is also available"); *see also Thomas v. Parker*, 2011 WL 976694, Westlaw op. at 7-8 (W.D. Okla. Feb. 11, 2011) (unpublished report and recommendation by magistrate judge) ("Plaintiff cannot rely on the appeal of the misconduct conviction as satisfaction of § 1997e(a)'s exhaustion requirement." (citation omitted)), *adopted*, 2011 WL 996788 (W.D. Okla. Mar. 17, 2011) (unpublished order by district judge).

[13] *See Fields v. Oklahoma State Penitentiary*, 511 F.3d 1109, 1112 (10th Cir. 2007) ("To exhaust administrative remedies an inmate must properly comply with grievance procedures; substantial compliance is insufficient." (citing *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002))).

V.   Summary

Defendants Taylor and Leatherwood have carried their burden to demonstrate an available grievance remedy and Mr. Roberts' failure to complete the administrative process on any of his claims. Mr. Roberts has not demonstrated with specificity the existence of a disputed material fact, and the Defendants are entitled to summary judgment.

Notice of Right to Object

The parties can object to the present report. Any such objection must be filed with the Clerk of this Court by February 27, 2012. *See* Fed. R. Civ. P. 6(d), 72(b)(2); 28 U.S.C. § 636(b)(1) (2010 supp.). The failure to timely object would foreclose appellate review of the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

Status of the Referral

The referral is not discharged.

Entered this 10th day of February, 2012.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge