IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTHONY ROSHON ROBERTS, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-11-143-M |
| | ) |
| JUSTIN JONES, Director of | ) |
| Oklahoma Dept. of Corrections, | ) |
| in his personal and official capacities, | ) |
| JOSEPH TAYLOR, Warden of Cimarron | ) |
| Correctional Facility, in his personal and | ) |
| official capacities, and KIMBERLY | ) |
| LEATHERWOOD, Mailroom Clerk, | ) |
| in her personal and official capacities, | ) |
| | ) |
| Defendants. | ) |

**Report and Recommendation:
Summary Judgment Motion by Plaintiff Anthony Roberts**

Mr. Anthony Roberts is a state inmate suing under 42 U.S.C. § 1983, and he moves for summary judgment against Defendants Joseph Taylor and Karen Leatherwood.[1] This motion should be dismissed as moot.

"A claimant is entitled to summary judgment only when no genuine issue of material fact exists, the papers on the motion demonstrate the right to relief, and every one of the defenses asserted legally are insufficient." 10B Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure: Civil § 2734 at 256 (3d ed. 1998) (footnote

---

[1] *See* Plaintiff's Motion in Opposition to Defendants' Answer to Plaintiff's Complaint and Brief in Support at pp. 9-12 (June 10, 2011); *see also* Order at p. 2 (June 16, 2011) (granting Mr. Roberts' request for conversion of his pleading to a motion for summary judgment).

omitted).  Thus, Mr. Roberts bears a "stringent" burden to "establish, as a matter of law, all essential elements of the issue before the [Defendants] can be obligated to bring forward any specific facts alleged to rebut the movant's case." *Pelt v. Utah*, 539 F.3d 1271, 1280 (10th Cir. 2008) (citation omitted).  The Court must deny the plaintiff's summary judgment motion whenever any of the defenses would present "significant fact issues."  10B Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure:  Civil § 2734 at 256 (3d ed. 1998) (footnote omitted).

Mr. Roberts alleges that:

- Defendant Taylor imposed a grievance restriction in retaliation for the exercise of constitutional rights,

- placement on grievance restriction is unevenly applied and prevents court access,

- Defendant Taylor threatened violence,

- Defendant Leatherwood instigated two disciplinary charges in retaliation for the exercise of constitutional rights, and

- punishment for "disrespect to staff" and "threats to staff" violates the rights to free speech and due process.

Second Amended Civil Rights Complaint (Pursuant to 42 U.S.C. § 1983) at pp. 2-4 (Mar. 17, 2011).

The undersigned has elsewhere recommended summary judgment to Defendants Taylor and Leatherwood on all of these claims based on nonexhaustion of administrative remedies.  *See* Report and Recommendation: Dispositive Motion by Defendants Taylor and

Leatherwood, *passim* (Feb. 10, 2012).  This recommendation would moot the Plaintiff's summary judgment motion.[2]

### Recommendation

The Court should dismiss Mr. Roberts' motion for summary judgment on grounds of mootness.

### Notice of Right to Object

The parties can object to the present report.  Any such objection must be filed with the Clerk of this Court by March 16, 2012.  *See* Fed. R. Civ. P. 6(d), 72(b)(2); 28 U.S.C. § 636(b)(1) (2010 supp.).  The failure to timely object would foreclose appellate review of the suggested ruling.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

### Status of the Referral

The referral is not discharged.

Entered this 28th day of February, 2012.

*[signature: Robert E. Bacharach]*

Robert E. Bacharach
United States Magistrate Judge

---

[2] *See, e.g., Royhouse v. Miller*, 2008 WL 2704611, Westlaw op. at 1, 4 & n.7 (W.D. Okla. June 30, 2008) (unpublished op.) (holding that the defendants' entitlement to summary judgment would moot the plaintiff's dispositive motion).