IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTHONY ROSHON ROBERTS, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-11-143-M |
| ) | |
| JUSTIN JONES, Director of ) | |
| Oklahoma Dept. of Corrections, ) | |
| in his personal and official capacities, ) | |
| JOSEPH TAYLOR, Warden of Cimarron ) | |
| Correctional Facility, in his personal and ) | |
| official capacities, and KIMBERLY ) | |
| LEATHERWOOD, Mailroom Clerk, ) | |
| in her personal and official capacities, ) | |
| ) | |
| Defendants. ) | |

**Report and Recommendation:**
**Dispositive Motion by Defendant Justin Jones**

Mr. Justin Jones is the director of the Oklahoma Department of Corrections ("DOC") and Mr. Anthony Roberts is a state inmate who was housed at the relevant time in a private prison, the Cimarron Correctional Facility. *See* Second Amended Civil Rights Complaint (Pursuant to 42 U.S.C. § 1983) at p. 1 (Mar. 17, 2011) ("Second Amended Complaint"). According to the Plaintiff, Mr. Jones is responsible for DOC policies that violate the first amendment[1] by authorizing "grievance restrictions" and prohibiting "disrespect" and

---

[1]   In the headings for Counts Two and Three, Mr. Roberts also refers to the constitutional right to due process and the prohibition against retaliation and cruel and unusual punishment. Second Amended Complaint at pp. 3-4. But Mr. Roberts never again refers to any factual allegations against Mr. Jones that would implicate these rights and prohibitions. *See id.*, *passim*.

"threats" to staff. *Id.* at pp. 2-4.[2]  Consequently, Mr. Roberts has sued Mr. Jones under 42 U.S.C. § 1983, seeking:

- monetary relief in his personal capacity and
- injunctive relief in his official capacity.

*Id.* at p. 1; Plaintiff's Response at pp. 1-2.  Mr. Jones has moved in the alternative for dismissal or summary judgment.[3]  The Court should: (1) grant the motion to dismiss on the personal capacity claims in light of Mr. Jones' qualified immunity, and (2) deny the dispositive motion on the official capacity claims for an injunction.

---

[2]  In response to the dispositive motion, Mr. Roberts alleges for the first time that Mr. Jones failed to supervise conduct by employees of the private prison. *See* Plaintiff's Motion in Opposition to Defendant Jones' Motion to Dismiss or Alternative Summary Judgment and Brief in Support at pp. 1-2 (Aug. 19, 2011) ("Plaintiff's Response").  However, the Court should not ordinarily consider a claim raised for the first time in a response brief. *See, e.g., Lawmaster v. Ward*, 125 F.3d 1341, 1346 n.2 (10th Cir. 1997) ("Because Mr. Lawmaster failed to raise the . . . claim . . . in his complaint, we refuse to consider it." (citation omitted)); *see also Fisher v. Metropolitan Life Insurance Co.*, 895 F.2d 1073, 1078 (5th Cir. 1990) (stating that a claim raised for the first time in response to a defendant's dispositive motion was not properly before the district court).  And, Mr. Roberts has already amended his complaint twice and has not sought permission for a third amendment.  Thus, the Court should decline to consider the new claim as a request to amend. *See Fuqua v. Lindsey Management Co.*, 321 Fed. Appx. 732, 735 (10th Cir. Mar. 31, 2009) (unpublished op.) (affirming the refusal to consider a new claim in a response brief as a potential amendment when the plaintiff had failed to seek leave for an amendment or to provide notice of a request for further amendment); *Miller v. Cleveland County*, 2011 WL 2634190, Westlaw op. at 4 (W.D. Okla. July 5, 2011) (unpublished op.) (refusing to entertain a claim raised for the first time in a response brief when the plaintiff had not requested leave to amend the complaint).

[3]  In the heading, Mr. Jones requests only dismissal.  Motion to Dismiss of Defendant, Justin Jones in His Individual and Official Capacity at p. 1 (July 26, 2011) ("Motion to Dismiss").  But in the body of the motion, Mr. Jones also seeks summary judgment. *Id.* at pp. 4, 7, 10-11, 13-14.

Standard for Dismissal or Summary Judgment

Defendant Jones urges dismissal based in part on Fed. R. Civ. P. 12(b)(6).[4] Under this statute, the Court considers whether Mr. Roberts has pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citation omitted). In applying this standard, the Court must assume the truth of all well-pleaded factual allegations in the second amended complaint and construe them in the light most favorable to the Plaintiff. *See Bryson v. Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990).

Mr. Jones alternatively moves for summary judgment. *See supra* note 3. For this part of the motion, the Defendant bears the burden. *See Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 982 (10th Cir. 2002). Summary judgment is necessary when "the movant

---

[4] Mr. Jones has also cited Fed. R. Civ. P. 12(b)(1), presumably based on the argument for Eleventh Amendment immunity. Motion to Dismiss at pp. 1, 5, 13. This rule addresses motions to dismiss based on a "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). The Supreme Court has not decided whether Eleventh Amendment immunity is based on subject-matter jurisdiction. *See Wisconsin Department of Corrections v. Schacht*, 524 U.S. 381, 391-92 (1998) (noting that the Supreme Court had not decided whether Eleventh Amendment immunity "is a matter of subject-matter jurisdiction"). Ultimately, the characterization of Eleventh Amendment immunity would prove immaterial here because the standard under Rules 12(b)(1) and 12(b)(6) is the same when the challenge is based on allegations in the complaint. *See Muscogee (Creek) Nation v. Oklahoma Tax Commission*, 611 F.3d 1222, 1227 n.1 (10th Cir. 2010) (construing a motion to dismiss under Fed. R. Civ. P. 12(b)(1) as a facial attack on the allegations in the complaint and applying "the same standards under Rule 12(b)(1) that are applicable to a Rule 12(b)(6) motion to dismiss for failure to state a cause of action").

shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making this determination, "[t]he court views the record and draws all favorable inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. PepsiCo, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005) (citation omitted).

## Personal Capacity Claims

In his personal capacity, Mr. Jones is entitled to qualified immunity.

I.  Test for Qualified Immunity

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (citation omitted). Once Mr. Jones asserted qualified immunity, the burden shifted to Mr. Roberts to show violation of a clearly established constitutional or statutory right. *See Bowling v. Rector*, 584 F.3d 956, 964 (10th Cir. 2009).

"'[I]n order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains.'" *Clark v. Wilson*, 625 F.3d 686, 690 (10th Cir. 2010) (citation omitted), *cert. denied*, __ U.S. __, 131 S. Ct. 2884 (2011). Ultimately the contours of the right must be sufficiently clear that all reasonable officials

4

would have understood that they were violating a constitutional or statutory right. *See Ashcroft v. al-Kidd*, ___ U.S. ___, 131 S. Ct. 2074, 2083 (2011). Although there need not be "a case directly on point," the existing precedent must have rendered the underlying "constitutional question beyond debate." *Id.* (citations omitted).

II.     First Amendment Claims

According to the Plaintiff, Mr. Jones chilled free speech by authorizing "grievance restrictions" and prohibiting "disrespect" or "threats" to staff. *See supra* pp. 1-2. But the Supreme Court and Tenth Circuit Court of Appeals have never held that these actions would violate the first amendment. Indeed, courts to address these issues have squarely rejected free speech claims based on imposition of a grievance restriction[5] or disciplinary sanctions for an inmate's use of disrespectful language.[6]

---

[5]     *See Baughman v. Ward*, Case No. CIV-02-896-T, slip op. at 12-14 (W.D. Okla. Mar. 2, 2004) (unpublished report and recommendation by magistrate judge, holding that the Oklahoma DOC policy authorizing grievance restrictions does not violate the first amendment because it is reasonably related to a legitimate penological interest), *adopted* (W.D. Okla. Aug. 6, 2004) (unpublished order by district judge).

[6]     *See*, *e.g.*, *Smith v. Mosley*, 532 F.3d 1270, 1277 (11th Cir. 2008) (holding that prison rules prohibiting false and insubordinate remarks in a grievance did not constitute a denial of free speech); *Lockett v. Suardini*, 526 F.3d 866, 874 (6th Cir. 2008) (concluding that an inmate's comment in a grievance, calling a prison employee a "'foul and corrupted bitch,'" did not constitute protected speech); *Hale v. Scott*, 371 F.3d 917, 919 (7th Cir. 2004) (rejecting an inmate's free speech claim based on discipline for disrespect to a prison staff member because "[p]rison regulations that forbid inmates to behave insolently toward guards are constitutional"); *Huff v. Mahon*, 312 Fed. Appx. 530, 531-32 (4th Cir. Feb. 24, 2009) (unpublished op.) (holding that "[a]n inmate does not have a First Amendment right to direct disrespectful comments to a prison official, whether verbally or in writing"); *Aziz v. Schriro*, 6 Fed. Appx. 565 (8th Cir. June 5, 2001) (unpublished op.; *per curiam*) (affirming the dismissal of an inmate's claim that his speech had been chilled through discipline for language used in a grievance).

Mr. Roberts relies on *Bradley v. Hall*, 64 F.3d 1276 (9th Cir. 1995). There the Ninth Circuit Court of Appeals held that a prohibition of disrespectful language in a grievance would violate the right to free speech. *Bradley v. Hall*, 64 F.3d 1276, 1282 (9th Cir. 1995). But this decision did not create a "clearly established" constitutional right. Within the Ninth Circuit, judicial panels have disagreed about whether *Bradley* had been effectively overruled in *Shaw v. Murphy*, 532 U.S. 223, 230 n.2 (2001).[7] Even if *Bradley* was not been effectively overruled, however, it has never been embraced by the Tenth Circuit Court of Appeals or Western District of Oklahoma. Thus, *Bradley* cannot form the basis for a "clearly established" constitutional right for Mr. Roberts to use disrespectful language in a grievance.[8] In the absence of a clearly established constitutional right, Mr. Jones is entitled to qualified immunity on the first amendment claims and the Court should order dismissal with prejudice.[9]

---

[7] *Compare Lyons v. Leonhardt*, 407 Fed. Appx. 162, 165 (9th Cir. Dec. 27, 2010) (unpublished op.) (noting that *Bradley* was abrogated by *Shaw*), *with Tarabochia v. Hill*, 140 Fed. Appx. 753 (9th Cir. Aug. 5, 2005) (unpublished op.) (holding that prison officials remained bound by *Bradley* even after *Shaw*).

[8] *See Norton v. Corrales*, 103 F.3d 928, 934 (10th Cir. 1996) (holding that the defendants were entitled to qualified immunity notwithstanding the presence of a holding in another circuit that would have recognized the underlying constitutional right).

[9] *See Curley v. Perry*, 246 F.3d 1278, 1282 (10th Cir. 2001) (when an amendment would be futile, the dismissal should be with prejudice); *see also Clark v. Brown*, 861 F.2d 66, 68 (4th Cir. 1988) (remanding to require dismissal of the federal claims with prejudice because the defendant was entitled to qualified immunity).

Official Capacity Claims

In his official capacity, Mr. Jones also seeks dismissal or summary judgment based on Eleventh Amendment immunity, the failure to identify or establish his participation in the alleged wrongdoing, a failure to plead facts involving retaliation, and nonexhaustion of administrative remedies. The Defendant's arguments are not persuasive.

I.   Eleventh Amendment Immunity

In part, Mr. Jones argues that the Eleventh Amendment forecloses an assertion of monetary relief against him in his official capacity. But Mr. Roberts is not seeking monetary relief from Mr. Jones in his official capacity. *See supra* p. 2. Thus, this argument for dismissal is misplaced.

II.   Link to the Alleged Wrongdoing

Mr. Jones also argues that the Plaintiff has failed to plead or establish a link between himself and the constitutional violation. This argument is invalid as a basis for dismissal or summary judgment.

A supervisor can incur liability when he "creates, promulgates, implements, or in some other way possesses responsibility for the continued operation of a policy" which violates the federal constitution. *Dobbs v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010), *cert. denied*, __ U.S. ___, 131 S. Ct. 2150 (2011).

In the second amended complaint, Mr. Roberts alleges that Mr. Jones:

- "enforced" the rule for imposition of a grievance restriction, resulting in a "chill[ing]" of protection under the first amendment;

- "established" the grievance restriction; and

- "enforced" "the 'disrespect' rule," resulting in a chilling of first amendment rights.

Second Amended Complaint at pp. 2-4. Viewed in the light most favorable to Mr. Roberts, as required,[10] these allegations would indicate promulgation and continuation of policies involving placement on a grievance restriction and discipline for "disrespect" to prison officials. Mr. Jones has not questioned the constitutionality of the alleged policies — just his "participation."

The Plaintiff's allegations are sufficient to imply his "responsibility for the continued operation" of the policies authorizing grievance restrictions and punishment for disrespect to prison staff. Thus, Mr. Jones is not entitled to dismissal for failure to allege his personal participation. *See supra* p. 3. And, because Mr. Roberts has verified his factual statements in the second amended complaint,[11] they would also preclude summary judgment on the issue of personal participation.[12]

III. Pleading of Sufficient Factual Matter

The claimant must plead sufficient facts to provide fair notice of what the defendant has done wrong. *See*, *e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 83 (2007) (*per curiam*). Mr.

---

[10] *See supra* pp. 3-4.

[11] *See* Second Amended Complaint at p. 6.

[12] *See supra* pp. 3-4; *see also Conaway v. Smith*, 853 F.2d 789, 792 (10th Cir. 1988) (*per curiam*) ("a verified complaint may be treated as an affidavit for purposes of summary judgment if it satisfies the standards for affidavits set out in Rule 56(e)" (citations omitted)).

8

Jones urges a failure to provide such notice, arguing that the Plaintiff has "merely set forth conclusory and general observation allegations that he [had been] 'retaliated against by prison officials.'" Motion to Dismiss at p. 11. This characterization ignores the Plaintiff's multiple allegations, discussed above, that Mr. Jones had:

- wrongfully established, maintained, and enforced the grievance policy and
- authorized punishment for inmates who show disrespect to staff.

*See supra* pp. 7-8. These allegations would supply fair notice to Mr. Jones about what he had done wrong. Accordingly, the Defendant's argument for dismissal should be rejected.

IV. Nonexhaustion of Administrative Remedies

Mr. Jones also argues that Mr. Roberts has failed to exhaust administrative remedies. Apart from a discussion of case law,[13] Mr. Jones' argument consists entirely of the following sentence:

---

[13] Citing *Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004), Mr. Jones argues that the entire action is unexhausted if a single claim has not been exhausted. Motion to Dismiss at p. 12. The Defendant fails to mention that *Ross* was abrogated in *Jones v. Bock*, which rejected the view relied upon in the dispositive motion. *See Jones v. Bock*, 549 U.S. 199, 222-24 (2007); *see also Freeman v. Watkins*, 479 F.3d 1257, 1259 (10th Cir. 2007) (noting that in *Jones*, the Supreme Court "effectively overruled . . . *Ross*").

> Here the prison's administrative records demonstrate that Plaintiff has not filed any grievance/grievance appeal regarding his being placed on "Grievance Restriction". *See Special Report, Attachment 5, Grievance 11-24, and Attachment 6, Affidavit of Debbie Morton.*

Motion to Dismiss at p. 12. The Defendant has:

- failed to establish an available administrative remedy on the claim involving the policy on grievance restrictions and

- disregarded the claim against Mr. Jones for the disciplinary policy involving disrespect to staff.

"The plain language of the [Prison Litigation Reform Act] requires that prisoners exhaust only *available* remedies." *Tuckel v. Grover*, 660 F.3d 1249, 1252 (10th Cir. 2011) (quoting 42 U.S.C. § 1997e(a)). The DOC's special report includes excerpts from the grievance policy, but these portions do not identify the matters that are grievable. Thus, Mr. Jones has failed to satisfy his burden of demonstrating an available administrative remedy to contest imposition of a grievance restriction or punishment for disrespect to staff.

Although the DOC did not include the pertinent parts of the DOC policy,[14] it did include the relevant administrative complaints. On February 2, 2011, in Grievance 11-24, Mr. Roberts filed a grievance challenging his placement on a grievance restriction. Special Report of Review of Factual Basis of Claims Asserted in Civil Rights Complaint Pursuant to 42 U.S.C. Section 1983, Exhibit 5 at ECF pp. 2, 4-5 (July 26, 2011). Five days later, the grievance coordinator returned the grievance and checked the box for "Not an issue grievable

---

[14] *See* Special Report of Review of Factual Basis of Claims Asserted in Civil Rights Complaint Pursuant to 42 U.S.C. Section 1983, Exhibit 4 (July 26, 2011).

to Oklahoma Department of Corrections (Private prison property, misconduct (see OP-090124, Section II.B.1.), litigation pending,[15] not within/unde [sic]." *Id*.

The Defendant relies on an affidavit by Debbie Morton, which stated that Mr. Roberts had not appealed the decision in Grievance 11-24 to her office. *Id.*, Special Report, Exhibit 6. Presumably Mr. Roberts did not appeal the decision because the grievance coordinator had told him that the complaint was not grievable.[16] Even now, the Defendant has not submitted any evidence to suggest that the complaint would have been grievable.

When the Defendant's evidence is viewed favorably to Mr. Roberts, as required,[17] one can reasonably infer that there was no available administrative remedy to contest his placement on a grievance restriction or the punishment for disrespect to staff. As a result, the Court should reject Mr. Jones' argument for dismissal or summary judgment on the basis of exhaustion.

---

[15] This litigation had not begun when the grievance coordinator said that the matter was not grievable. Thus, the grievance coordinator could not have been relying on the pendency of the present litigation.

[16] *See Lyon v. Krol*, 305 F.3d 806, 810 (8th Cir. 2002) (*en banc*); Bright, J. dissenting) (stating that dismissal for nonexhaustion would have been unwarranted because prison officials may have "creat[ed] the impression that [the prisoner's] claims were not grievable through the [prison] grievance system").

[17] *See supra* pp. 3-4.

Recommended Ruling

The Court should grant Mr. Jones' motion to dismiss on the personal capacity claims. However, the dispositive motion should be denied on the official capacity claims for an injunction.

Notice of the Right to Object

The parties can object to this report and recommendation. To object, the party must file an objection with the Clerk of this Court by March 19, 2012. *See* Fed. R. Civ. P. 6(a)(1)(C), 6(d), 72(b)(2); 28 U.S.C. § 636(b)(1) (2010 supp.). The failure to timely object would foreclose appellate review of the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

Status of the Referral

The present report does not discharge the referral.

Entered this 29th day of February, 2012.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge