IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTHONY ROSHON ROBERTS, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-11-143-M |
| ) | |
| JUSTIN JONES, Director of ) | |
| Oklahoma Dept. of Corrections, ) | |
| in his personal and official capacities, ) | |
| JOSEPH TAYLOR, Warden of Cimarron ) | |
| Correctional Facility, in his personal and ) | |
| official capacities, and KIMBERLY ) | |
| LEATHERWOOD, Mailroom Clerk, ) | |
| in her personal and official capacities, ) | |
| ) | |
| Defendants. ) | |

**Report and Recommendation: The Plaintiff's
Motion for a Preliminary Injunction (Doc. 101)**

Mr. Anthony Roberts seeks a preliminary injunction for Mr. Justin Jones to stop enforcing the "grievance restriction" rule. Plaintiff Roberts' Motion for Preliminary Injunction Against Defendant Jones and Brief in Support Thereof (Nov. 10, 2011). The request should be denied.

To obtain a preliminary injunction, the claimant must show a likelihood of success on the merits.[1] Mr. Roberts has not satisfied this requirement.

---

[1] *See Munaf v. Geren*, 553 U.S. 674, 690 (2008) ("[A] party seeking a preliminary injunction must demonstrate, among other things, 'a likelihood of success on the merits.'" (citations omitted)).

The Western District of Oklahoma has held that the Department of Corrections policy on grievance restrictions does not violate the first amendment. *Baughman v. Ward*, Case No. CIV-02-896-T, slip op. at 12-14 (W.D. Okla. Mar. 2, 2004) (unpublished report and recommendation by magistrate judge), *adopted* (W.D. Okla. Aug. 6, 2004) (unpublished order by district judge). Based on this decision, the Plaintiff cannot establish a likelihood of success on his first amendment claim involving Mr. Jones' adoption of the grievance restriction policy. Without a showing of likely success on the merits of this claim, the Court should deny Mr. Roberts' motion for a preliminary injunction.

The parties can object to the present report. Any such objection must be filed with the Clerk of this Court by March 19, 2012. *See* Fed. R. Civ. P. 6(a)(1)(C), 6(d), 72(b)(2); 28 U.S.C. § 636(b)(1) (2010 supp.). The failure to timely object would foreclose appellate review of the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The referral is discharged.

Entered this 29th day of February, 2012.

_Robert E. Bacharach_
Robert E. Bacharach
United States Magistrate Judge